## PROCEEDINGS TO COMPEL ATTORNEY TO TURN OVER PAPERS.

Circuit Court of Cuyahoga County.

JOHN MULHOLLAND v. GEORGE A. GROOT.

Decided, March 7, 1904.

*Attorneys May be Proceeded Against Summarily for Refusing to Turn Over Papers of Client.*

An attorney may be proceeded against in a summary way, by motion, for refusing or neglecting to turn over papers and documents belonging to his client.

*W. C. Ong,* for plaintiff in error.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

This action is in this court to review the ruling of the common pleas court in dismissing proceedings begun therein to require the defendant in error, who was defendant below, to turn over to plaintiff certain papers, notes, bonds and securities held by the defendant as an attorney at law and coming into his hands as attorney for plaintiff.

The proceedings were instituted in the court below by the filing of an application entitled by plaintiff a motion, in which it is alleged that John Mulholland, one of the plaintiffs, is a resident of Ohio, and the other plaintiff, Maud B. Darrow, is trustee for John Mulholland and a resident of Cleveland.

This motion is signed: "John Mulholland and Maud B. Darrow, trustee, by Walter C. Ong, their attorney," and is verified as follows:

"State of Ohio, Cuyahoga County, sc.

"M. R. Hodgman, being first duly sworn, says that he is the duly authorized agent and manager for John Mulholland, the complainant in the foregoing motion, and as such manager he is familiar with all the facts pertaining to the foregoing application, and that all the facts, allegations and exhibits of said motion as herein set forth are, as he believes, true.

"M. R. Hodgman.

"Sworn to before me and subscribed in my presence by the said M. R. Hodgman this the 29th day of January, A. D. 1904.

"D. M. Bader, *Notary Public.*      (Seal)"

With the application was also filed an affidavit as to the truth of the matters set forth in the application.

It appears that upon the filing of this application the defendant appeared, waived citation and asked leave to answer and file a counter-affidavit. Thereafter he filed a motion to dismiss the proceedings for the reason that the motion was unsupported by any evidence and the court granted said motion, without receiving proof from plaintiff as to the truth of the matters complained of in the motion. In support of this ruling of the trial judge it is urged that the motion or application was not signed by either of the plaintiffs personally, was not sworn to by either of them, and the verification that does appear is only upon information and belief.

Section 564, Revised Statutes, provides that every attorney receiving money for his client and refusing or neglecting to pay the same when demanded, shall be proceeded against in a summary way, on motion.

It was held by the circuit court of the seventh circuit, in the case of *Cotton, Ex.,* v. *Ashley,* 11 C. C., 47, that under the common law an attorney might be proceeded against in the same manner for refusing or neglecting to turn over papers and documents to his client, and we follow that ruling in this case.

It appears that the proceedings were properly brought by filing a motion.

A motion is not strictly a pleading, not being enumerated as such under Section 5055, Revised Statutes.

Section 5102, Revised Statutes, provides that every *pleading and motion* must be subscribed by the party or his attorney, and *every pleading* must be verified by the affidavit of the party, his agent or attorney.

Section 5105 provides that the affidavit shall be sufficient if it is stated therein that the affiant believes the facts stated in the pleadings to be true.

Section 5109 says that the verification may be made by the agent of a party when the facts are within the agent's personal knowledge.

From these statutes it appears that the application, whether considered as a motion or as a petition, was properly signed and verified. It was subscribed by the attorney of the plaintiffs and was verified by the agent of one of them who says that he is familiar with the facts he swears to. As one of several parties may verify a pleading (5104, R. S. O.), so the affidavit of the agent of one of them is sufficient.

We find no statute requiring that such proceedings as were instituted in this case must be begun by a motion or pleading sworn to absolutely, but hold that the general statute (Section 5105) authorizing a verification upon belief, applies.

It follows that the preceedings were regularly instituted and that the trial judge erred in granting the motion to dismiss them.

Judgment reversed.